Thank you, Your Honor. May it please the Court, my name is Jim Mohler. I am the counsel for ProEnergy and Western Surety, the appellants in this case. The issue before the Court today is whether the Court should reverse the District Court and vacate an arbitration award, where that arbitration award shows on the face of the award that the arbitrator exceeded his authority. Respectfully, we submit this is one of the relatively few arbitration cases that this Court should reverse. Let me begin with the statute, if I may. Section 10A.4 of the Federal Arbitration Act states that this Court should vacate an arbitration award when, among other things, the arbitrator has exceeded his authority. Equally clear is that an arbitrator exceeds his or her authority when an arbitrator ignores the party's contractual choice of law governing the arbitration. I'll get to that in a minute. But in this case, the face of the arbitration award shows that the Texas-based arbitrator violated the party's contractual choice of law, that he applied Missouri law, and that, instead, he applied more familiar Texas law and other states' law to decide the attorney fee issue that was before the Court. I propose a two-step analysis for this Court to approach this case. In reviewing this appeal, however, I would ask that the Court focus on what the arbitrator actually said, not on what my opponent claims the arbitrator said, because the arbitrator's decision is what should guide this Court. We respectfully submit that the focus of this Court should be on specifically paragraph 7 of the arbitrator's award, which can be found in the addendum at page 15. That contains the language that we challenge and where we believe the arbitrator went off the rails. So, to address these issues, first, I suggest we take a look at the district court decision, which we submit should be reversed. I don't feel there's any issue here about the standard of review that the Court should apply. We recognize the district court's factual findings are entitled to substantial deference, but we're challenging a legal ruling, which, as this Court knows, it may review de novo. And I say we're challenging... Just a second. We can review an arbitrator's legal award de novo? I'm talking about the district court, Your Honor. I'm going to get to the... No, I agree with you. The arbitrator award has much more deference. I'm going to get to that in a moment, if I may. Well, we know about the de novo review of the district court, so why don't you get to paragraph 7 and why you think there's a ground to set aside the arbitrator's award. I'd be happy to, Your Honor. It's indisputed in this case that there was a Missouri choice of law governing this. The district court observed that at page 2 of the district court ruling. The contract provides that at section 20 of the contract, which can be found in the appendix at page 36. It's uncontroverted that Missouri law should have been applied by the arbitrator to this case. Hall Street, virtually every arbitration decision of this court, and there are at least eight significant decisions in the last two decades, they all say that the court should look first to the contract to determine the scope of the arbitrator's authority. How do you know the arbitrator didn't think Missouri law was consistent with what he said in paragraph 7? I think because he told us, Your Honor. The arbitrator was obliged to issue a reasoned award, findings of fact, conclusions of law. The district court agreed that he did, in fact, do that. The basis, the linchpin, if you will, of the arbitrator's award is in the two sentences of paragraph 7. He says, the limitation of liability covers liability for loss, indemnity, damage, or delay, but does not cover attorney's fees. This is where he went off the rails. In the limitation of liability context, courts routinely classify attorney's fees and legal expenses not as damages, but as costs that are subject to the limitation of liability. What does the Texas arbitrator cite as authority for that ruling? Eighth Circuit. Applying Illinois law. I understand. Applying Illinois law. Texas law, which very clearly in this case says these things are treated differently. And the law of Arizona and Florida. Why isn't this just a routine, he got the law wrong case? For a very good reason, Your Honor, because there's a choice of law issue here. There's always, almost always a choice of law. But not where the arbitrator goes off the rails. There's a series. He talked about going off the rails. How is that any different? Isn't your argument just he got it wrong? No. No, Your Honor. He exceeded his authority and then got it wrong. And the exceeding authority is very important because Missouri would have reached a different result. And he didn't apply Missouri authority here. We cited four decisions from the Seventh Circuit, two by Judge Posner, two by Judge Easterbrook. If you look at those four decisions, I think it illustrates exactly the points that the court is raising, which I think is a critical point. In those four cases, in one of them, I can't remember the name of which one it was, the court said, if the arbitrator was supposed to apply Missouri law or Illinois law in that case and did it wrong, then we've got no case. But if he was supposed to apply Illinois law and applied the law of some other state, then he's exceeded his authority. Why isn't that just a different legal error? Because of the statute. He's exceeded his authority. All of the cases of this court and the two recent cases of the Supreme Court all say that the arbitrator must draw his or her authority from the contract. This contract says use Missouri law. If the arbitrator would have used Missouri law badly, we would not be here. We would have paid the award below. We disagreed with the award below that we paid, but we recognized the standard of review. In this particular case, he exceeded his authority because he didn't apply Missouri law badly. He applied the wrong law. He applied Texas law and the law of these other states. Well, you say he applied Texas law. He cited four different states. Correct. None of which were Missouri. Well, maybe there is no Missouri case right on point. You say you have cases, but they're arguably not on point. With respect, Your Honor, we submit they are on point. Missouri law. Maybe he thought they're not on point, so I'm just going to cite the general understanding of multiple states and figure that Missouri would apply the same law. I think Judge Posner said in his cases we can't speculate about what he did when he tells us what he did and he did it wrong. The error here is apparent on the face of the award because we can read it. Okay. There's actually an Eighth Circuit case that we didn't cite, but as I was preparing for the argument, I was reading all the Eighth Circuit cases. It's the Minnesota Nurses Association case at 822F3-414. In that particular case, the court did exactly what we're asking the court to do here. And the way the court approached it is exactly the way I'm suggesting this panel approach it, which is to look at the arbitrator's award and see that he exceeded his authority and reverse. Well, but we have to assume that he did not understand that he had to apply Missouri law. That's your whole argument, right? My argument is he should have, and he did. In Paragraph 15, he specifically says, I'm applying Missouri law. So why is he applying Missouri law in Paragraph 15 but not applying it in Paragraph 7? To me, it just is clear from the award that he says he's applying Missouri law. Now, you may say he's applying it badly, but he specifically says, under Missouri law, da-da-da. If he was applying it badly, we would lose if he was applying the correct law badly. I acknowledge that. But in Paragraph 7, he doesn't say he's applying Missouri law. But he does in Paragraph 15, so he understands that the agreement requires the application of Missouri law. I think we have to take the arbitrator's award as we find it. That's what the court did in Minnesota nurses, and that's what the Supreme Court says we should do. On this key ruling, which is really the entire issue before the court, he did not rely upon Missouri law because he didn't cite any. I would refer the court now to the Edstrom decision, which I think is on all fours. It's a Posner decision from the Seventh Circuit, but it explains in great detail how the arbitrator in that case was supposed to apply the law of Wisconsin. But reviewing the decision, he did not do that. Even Hall, the Hall case, which is an issue. How about this opinion by Judge Easterbrook in Affomax v. Ortho McNeil Pharmaceuticals? Are you familiar with that one? Yes. Yes, I am, Your Honor. Well, you just mentioned Edstrom. This Affomax case says, Why are you citing cases that the Seventh Circuit itself says are superseded? It was not superseded on this point. With respect, I know what the court said, and I've read that. But if you read the decisions on this point, they don't. Hall stood for the proposition that parties cannot craft different standards of review apart from Section 10. That's what Hall says. And on that, there's no dispute. We don't dispute that. We are squarely within Section 10. But on the issue of what is beyond the authority in the context of a choice of law clause, that issue wasn't in Hall. That issue wasn't in Medicine Shop. It was squarely in the holding of Edstrom. I would just commend the reading of that portion of the opinion. With respect, Your Honor, if I could, I'd like to reserve the balance of my time. You may. Thank you, Your Honor. Mr. Kennard, we'll hear from you. May it please the Court. My name is Jeff Kennard. I represent the appellees, Boymar Corporation and Boymar, Kansas City. It's an honor and a privilege to be here. I've never appeared before this court before. Welcome. So thank you. And while this may be a nice professional experience for me, it's really unfortunate that we're here. It's unfortunate that we're burdening the court, wasting the court's resources, and causing my client to spend lots of money on this appeal. In our view, this appeal never should have been brought, and it's frivolous. I've never filed a motion for sanctions before. I did so in this case in January. The reason I did so is because I felt that it was appropriate and, frankly, necessary for three reasons. The first is that this case, this appeal, was frivolous as filed, because based on many of your questions, you're picking up on the standard of review, the deferential standard that's required here. Their arguments are contrary to controlling precedent, and they're not objectively reasonable. But even though we shouldn't get into the merits of the case, their argument is fundamentally flawed and patently frivolous. Their argument is the contract required application of Missouri law. They argue that under Missouri law, which is not true, but they argue that under Missouri law, attorney's fees constitute damages that are recoverable. Therefore, because the limitation of liability provision in this case mentions damages, the attorney's fees were not recoverable. The problem with that argument is that if attorney's fees are indeed damages, they would be recoverable in every case in Missouri unless there was a limitation of liability provision that precluded it. That is not the law of Missouri. That's not the law anywhere. As they've noted in their briefs, Missouri follows the American rule, which says the parties bear their own costs in the absence of a statute or contract to the contrary. The argument is patently nonsense. It's frivolous. Second, and if I have time, I'll get into this later on. But as we mentioned in our papers, our motion and our reply brief, this appeal is frivolous as argued as well. How so? They've cited Seventh Circuit cases which have been overruled by Appymax. They're contrary to Medicine Shop. Judge Colleton was a member of the panel that issued the opinion in Medicine Shop. They never once addressed that in their principal brief, never mentioned it, even though that was a focus of our papers at the district court level, even though it was mentioned specifically in the district court's order. They never once mentioned the case that's key in controlling. And the reason I say that case is the controlling case is it's on all fours. The party in that case, well, it was a franchisee dispute. The issue was, was the franchisor entitled to lost profits under Missouri law? The arbitrator said yes. The franchisee didn't like it, challenged the arbitration award, sought to vacate it, arguing that under Missouri law, the franchisor was not entitled to lost profits. This court held specifically that wasn't a valid basis to contest an arbitrator's award. In fact, the language in the opinion is that that theory is not cognizable any longer post-Hall Street. But the third reason that we believe this case is appropriate for sanctions, the argument's based on the language from a sister circuit, the DMA international case issued by the Tenth Circuit in 2009. And I just want to read the quote. If we permit parties who lose in arbitration to freely litigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system, dispute resolution will be slower instead of faster,  Consequently, unjustified and protracted attempts to vacate arbitration awards destroy the promise of arbitration and should not be tolerated. That's exactly what happened here. My clients were deprived what they bargained for, i.e., the promise of arbitration. Despite having no colorable, no legal or even colorable basis to do so, Pro Energy has refused to honor, I was going to say honor the award, actually, they refused to honor a portion of the award, just the portion they don't like, and pressed this appeal for 1.5 years, over a year and a half. Again, that has deprived Boehmer of what it expected, what it bargained for, and what it deserved. But irrespective of whether the court is inclined to award sanctions, we believe this court should, in fact, must, affirm the lower court's decision which granted Boehmer's motion to confirm and denied Pro Energy's motion to vacate. Now, I think a little bit of background is important here, and I'll touch on it briefly. In the arbitration, well, I guess let me back up. This was a construction dispute. My client was a general contractor. Pro Energy was a subcontractor. Subcontracts clearly says disputes will be submitted to arbitration. Pro Energy initiated the arbitration. It was the claimant in the arbitration. Pro Energy sought damages of roughly $500,000. My client sought damages on its counter claim of roughly $2.3 million. There are many contested issues in the arbitration, but there are three of them that are somewhat pertinent to this appeal. The first was, was the limitation of liability provision that Mr. Mueller has spoken to you about, whether it was enforceable? Why was that important? Obviously, the limitation of liability provision caps the exposure, capped the exposure of Pro Energy to the contract sum. So Pro Energy argued, yes, it's enforceable. My client said, no, it was not. The second issue, there were two contracts that were entered into by the parties. The issue was, was the second contract, did it constitute a novation of the first contract, thereby extinguishing the terms of the first? That was important because it determined what was the contract sum. So was it the value of the second contract only, which is what Pro Energy argued, which ended up being about $699,000, or was it the combined sum of the two contracts, which is what my client argued, which was roughly $1.7 million or thereabouts? Finally, the third issue was, was Boomer entitled to recover attorney's fees and expenses incurred in connection with the arbitration? The contract specifically allows the arbitrator to award fees. It says, Section 21.2, quote, the arbitrator may include in the award payment to either party which reasonable attorney's fees and other expenses incurred in connection with the arbitration. Pro Energy argued, nope. Boomer's not entitled to attorney's fees because it's subject to and subsumed by the limitation of liability provision. My client, of course, said, hogwash, that provision doesn't cover attorney's fees for various reasons, including the fact that the contract specifically allowed it. You put in for $916,000 in fees and expenses, is that right? That's what the arbitrator awarded. The actual fees incurred substantially exceeded that, but during the course of evaluating what was incurred and what was paid, the arbitrator removed certain portions of the claim cost. So how does that line up with your assertion earlier that arbitration should reduce the cost of dispute resolution? Bingo. It would cost you $1 million to litigate the arbitration. I'm not talking about the appeal. I'm talking about the arbitration. You said arbitration is supposed to be an inexpensive forum. Well, if Pro Energy had offered what it felt that it owed, the $699 up front, perhaps this would have short-circuited it. If these issues hadn't drawn out, this thing went on for multiple days. So were both parties involved in the arbitration? Of course, but it's our view that the length of the arbitration, the complexity of the briefing, the length of the briefing, the length of the hearings were driven by Mr. Mueller's client, not one. You both had claims, as I understand it. That's correct. It was a contentious issue. That's exactly right. I don't know why you say it's driven by the other side. I mean, they initiated it. That's correct. You counterclaimed for three times as much. And recovered on the counterclaim, but not to the extent that they had requests. So there was a final award issue. Do you think it was less expensive than if you'd gone to federal court? In hindsight, no, I don't think so. But we are in federal court when we shouldn't be in federal court. Everything that occurred since the final award was issued should have been dispensed with and should not have been incurred. So final award was issued, November 2016. One was awarded $699,702 plus interest, which by the time that was paid was about $210,000. The word actually suggests they would have been entitled to more but for the limitation of liability provision. And Woymer was awarded $916,000 in attorney's fees. Going back to the three issues that I mentioned earlier, though, pro-energy prevailed on the first one. The limitation of liability provision was found to be enforceable. Pro-energy prevailed on the second one. The arbitrator determined that there was indeed a novation and the second contract extinguished the first. My client, Woymer, prevailed on the third issue that it was entitled to attorney's fees. Now here, what pro-energy wants is to have its cake and eat it too. It liked the first portion of the award, the principal damage award of $699,000, because its liability was capped per the limitation of liability provision and it avoided about $1.5 million in potential exposure. It was great. After we moved to confirm the arbitration award, they finally voluntarily paid that. But now what they're wanting to do is do piecemeal litigation or, as they mention in one of their briefs, surgically appeal just the portion of the award that deals with attorney's fees. Now, frankly, with respect to that latter point, we think that's improper. The cases say the arbitrator, the court takes the arbitration award as it finds it. Section 10 deals with vacator of arbitration awards. Section 11 deals with modification awards. They chose to proceed under Section 10, but only focused on the portion of the award that they don't like. That's inappropriate. That's not allowed. And, frankly, that shouldn't be the law and shouldn't be condoned, because all that's going to do is encourage even more appeals of arbitration awards to the extent they can cherry-pick certain portions that they don't like. So we think the court ought to summarily dismiss the appeal for that basis alone. But let's focus specifically. I have three minutes left. I'll focus specifically on the issues that they've raised in their briefs. The argument, fundamental argument, is that the arbitrator just disregarded the choice of law provision in the contract. That's bunked. As Judge Malloy pointed out, he mentioned in the arbitration award Missouri law several times. It was in paragraph 15. He referenced Missouri law and cited the Missouri Court of Appeals decision when discussing the analysis of novation. He referenced the Missouri statute discussing the analysis of the claim against the surety. And he referenced the Missouri statute in the section that deals with the award of pre-judgment and post-judgment interest. So for him to say that the arbitrator simply ignored this provision and acted like it didn't exist is simply nonsense. Let me ask you something. There was an initial decision, or not. I guess it would be the second decision. The interim amended order said, basically, you get attorney's fees. That's the order we're talking about right now. Sit down and try to figure out between the two of you. If you can't, then I'll enter a subsequent order. So then he enters the order of November 18th of 2016. Was this issue of failure to apply Missouri law brought to the attention of the arbitrator during that interim period, or was it just a fight about dollars at that point? I must be candid with you, Your Honor. I didn't handle the arbitration. I've been told that that issue was raised. What does Missouri law apply with many of the same arguments being raised here being raised in the arbitration? But I don't know. That's not part of the record. Second issue. ProEnergy makes much ado of the fact that the arbitrator cited several cases from other jurisdictions with all due respect to ProEnergy. So what? This court does it. Every court does it. When there's no Missouri case on point, that's what the court can and, in fact, should do. Look at other jurisdictions for guidance. And that's precisely what he did. The question was raised earlier. Are there any Missouri cases on point, specifically, that have analyzed whether attorney's fees awarded to a litigant are subsumed by and barred by a limitation of liability provision? The answer is no. There's not a case. And why is that? Going back to what I said earlier, because that's not the law of Missouri. It can't be the law of Missouri. Otherwise, every litigant would get attorney's fees. It's a matter of course. There was some criticism of the arbitrator not being more specific or maybe pointing out that there was no Missouri case on point or distinguishing the cases cited by ProEnergy. With all due respect, arbitration is meant to be less formal. The arbitrator wasn't required to do so. That's not the point. So again, to the extent ProEnergy is arguing that Missouri law somehow compelled a different result and the arbitrator got it wrong, sorry, that is not a basis to vacate this arbitration award. He reviewed the contracts. He interpreted the contracts. He issued an award, and that award should be affirmed. So unless the Court has any additional questions, Your Honor, I'll... Very well. Thank you for your argument. Mr. Mohler, we'll hear from you in rebuttal if you wish. Briefly, Your Honor, if I may. You may. I think the argument about the references to Missouri law in the award proves too much. The point is being made that every time the arbitrator applied Missouri law, he called it out and he cited it. And I acknowledge the award does refer to Missouri law several times, but in the key part that's before us, the only part that's before us, he didn't do that. He didn't call out Missouri law. He called out these other states' law. He didn't say he couldn't find any. He didn't do what judges would do in turning to Missouri law and trying to divine what a Missouri court might do. That's in the award, and that's, unfortunately, the record that's before the court. Judge Malloy, you asked the question about whether this had been brought to the attention of the arbitrator. During the course of the arbitration, before counsel was retained, it's being handled by different counsel, it was brought to the arbitrator's attention. And why it wasn't addressed in the final award, I don't know. I can only assume that he was satisfied with the law that he applied. The statement was made that we have appealed just the part we don't like. That's not accurate. We didn't like any part of the arbitrator's final award. We didn't think they should recover anything under the law, but we recognized what the law provided, and we quickly settled. I mean, we are such contentious litigants that we promptly settled, with interest, the full amount due up to the amount of the contract sum, not because we liked it, not because we wanted to, but because we recognized that's what the law obliged ProEnergy to do. All that's left of the award is the attorney fee award, and the case law says that the courts take these awards as they find them. That's how we find it today. Only the attorney's fees are at issue. We respectfully submit. It should be thumbs up or thumbs down, and, obviously, in this case, thumbs down on that award. Counsel relies a lot on Medicine Shop and calls it adverse to us, makes much of it. I don't understand for the world why I like the Medicine Shop decision. It supports four square, exactly what we're doing here today. It says if an arbitrator meets one of the four standards, or, excuse me, if an award meets one of the four standards in Section 10A, then that's what has to be asserted on appeal. That's precisely what we've done. The other part of Medicine Shop says that manifest disregard is no longer part of the Eighth Circuit law. Well, it's never been part of this case. So I don't know why Medicine Shop is so important. It certainly is not on all fours, as counsel said, because it does not deal with the authority issued before the court today. Medicine Shop says that the award must be within the authority of the arbitrator. It acknowledges that, but it didn't deal with a choice of law provision like this or look at the issue in the context of a properly raised choice of law argument, as we have done here today. We did cite some cases that did deal with that from Judge Posner and Judge Easterbrook. And with that, Your Honors, if there are no further questions, I thank the Court very much for its attention to this case. Thank you, Mr. Mohler. Thank you both, counsel, for your arguments. The case is submitted, and the Court will file an opinion in due course.